## Commonwealth v. Straight Creek Coal & Coke Co.

(Decided April 18, 1912.)

Appeal from Bell Circuit Court.

Criminal Law—Construction of Statute Prohibiting the Unlawful Kill-
ing of Fish—Indictment.—Under section 1253 of the Kentucky
Statutes providing that if any person shall put into any stream
of water any "liquid, berries, powders, medicine or other thing,
or explode or cause to be exploded dynamite or any other sub-
stance, whereby fish, great or small, may be sickened, intoxicat-
ed or killed," an indictment charging that the accused put into
a stream of water large quantities of "saw-dust and other saw-
mill refuse, whereby fish, both great and small were sickened and
killed," was good.   The words "other thing" and "other sub-
stance" in the statute prohibit the putting into water of anything
or any substance, whatever it may be, that will cause fish to
be sickened, intoxicated or killed.

JAMES GARNETT, Attorney General, D. O. MYATT, Assist-
ant Attorney General for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The grand jury of Bell County returned an indict-
ment against the Straight Creek Coal and Coke Com-
pany, charging that "it did unlawfully and wilfully put
and cause to be put and emptied into Straight Creek, a
running stream, large quantities of sawdust, and other
sawmill refuse, whereby fish, both great and small, were
sickened and killed, and the waters thereof rendered un-
fit for use."

The indictment was found under section 1253 of the
Kentucky Statutes, reading:

"If any person put, or cause to be put, in any stream,
dam, pool, or pond any liquid, berries, powders, medi-
cine or other thing, or explode, or cause to be exploded,
dynamite or any other substance, whereby fish, great or
small, are or may be sickened, intoxicated or killed, or
the water rendered unfit for use, or stench be produced,
he shall be fined not less than ten nor more than one
hundred dollars, and imprisoned in the county jail not
less than thirty days nor more than six months, in the
discretion of the jury, for each offense."

Under this statute, if any person puts or causes to be
put in any stream, dam, pool or pond, anything that will
cause fish to be sickened, intoxicated or killed, he may
be punished for its violation.  The obnoxious articles or

substances that may constitute an offense against the statute are not confined to the articles or substances specifically mentioned.

It seems to have been the legislative purpose to prohibit and punish the putting in streams or bodies of water any article or substance that would sicken, intoxicate or kill fish, or render the water unfit for use, or produce a stench; and, after naming certain articles and substances that should not be used, the words "or other thing" and "any other substance" were added to prohibit and punish the putting in the water of "anything" or "any substance," whatever it might be, that would cause fish to be sickened, intoxicated or killed, or render the water unfit for use, or produce a stench. We do not think the words "or other thing" or "any other substance" were intended to include only the things or substances specifically mentioned in the statute, or that their meaning should be limited to things or substances of a like nature to those named. After naming several specifically prohibited articles and substances, the Legislature evidently desired to make the statute broad enough to prohibit the use of any other article or substance that would sicken, intoxicate or kill fish, or render the water unfit for use, or produce a stench, and no words more appropriate to accomplish this purpose could have been used than the words "or other thing" and "or any other substance." Whether the "sawdust or other sawmill refuse" put and emptied into Straight Creek sickened and killed the fish therein, or rendered the water unfit for use, is, of course, a question to be determined on the trial of the case.

In our opinion the indictment stated a good cause of action, and the judgment is reversed, with directions to overrule the demurrer.