### Commonwealth v. Kenmont Coal Company.

(Decided June 19, 1923.)

### Appeal from Knott Circuit Court.

1. Fish—Coal Mining Company is Liable to Prosecution for Polluting Stream by Mine Drainage—"Or Other Thing.—Within Ky. Stats., section 1253, making it an offense to put into any stream any liquid, berries, powder, medicine, or other thing whereby fish may be sickened or killed, or the water rendered unfit for use, the phrase "or other thing" was intended ·to include any substance which would have the prohibited effect, and was not limited to substances of the same class as those enumerated, and therefore a mining corporation, which polluted the waters of a stream by drainage from its mines, so as to kill the fish therein, was guilty.

2. Constitutional Law—Courts Cannot Exempt from Statute Development Corporations Not Exempted by Legislature.—Since Ky. Stats., section 1253, prohibiting pollution of streams, makes no exemption therefrom, the courts cannot exempt from the operation of that statute corporations, such as coal companies, engaged in developing the resources of the Commonwealth, but the question whether public policy requires them to be exempted is one for the legislature.

3.  Indictment and Information—Indictment of Corporation for Pollution of Stream Held Sufficient.—An indictment charging a coal company with the offense of unlawfully polluting the waters of a running stream, in violation of Ky. Stats., section 1253, substantially in the language of the statute, by alleging that it willfully, unlawfully, and knowingly placed and caused to be run into the waters of a public stream impure water and refuse from its coal banks, whereby fish, both great and small therein, were and are sickened and killed, and the waters of said creek rendered unfit for use, was sufficient to charge the offense.

THOS. B. McGREGOR, Attorney General, EDWARD L. ALLEN, Assistant Attorney General, and C. P. STEPHENS, Commonwealth's Attorney, for appellant.

Opinion of the Court by Judge Settle—Reversing.

The Commonwealth of Kentucky prosecutes this appeal to obtain the review by this court of a judgment of the Knott circuit court sustaining a demurrer to and dismissing an indictment by which the appellee, Kenmont Coal Company, a corporation engaged in the mining of coal, was charged with the offense of unlawfully polluting the waters of a running stream, or watercourse, of Knott county, known as Lotts creek, in violation of the provisions of section 1253, Kentucky Statutes, the acts of the appellee substantially alleged in the indictment as constituting the offense charged, being that it did in Knott county and within twelve months before the finding of the indictment, willfully, unlawfully and knowingly place and cause to be run in the waters of Lotts creek, a public stream of this state, impure water and refuse from its coal banks, whereby fish, both great and small therein, were and are sickened and killed, and the water of said creek rendered unfit for use.

The section, *supra*, reads as follows:

"If any person put, or cause to be put, in any stream, dam, pool or pond any liquid, berries, powders, medicine or other thing, or explode, or cause to be exploded, dynamite or any other substance, whereby fish, great or small, are or may be sickened, intoxicated or killed, or the water rendered unfit for use, or stench be produced, he shall be fined not less than ten nor more than one hundred dollars, and imprisoned in the county jail not less than thirty days nor more than six months, in the discretion of the jury, for each offense."

The sufficiency of the indictment, as such, does not appear to have been questioned by the appellee in the

court below, nor is it now questioned. The demurrer to the indictment was rested by the appellee, and seems to have been sustained by the court, on the ground that the provisions of the statute, *supra,* were not intended to apply to a company or corporation engaged, as is the appellee, in developing the coal or other mineral products or resources of the state; consequently, the offense created by the statute, and for which the appellee was indicted, is one of which it could not be convicted; although, upon a trial, its guilt of the acts alleged in the indictment as constituting the offense, might be sufficiently established by the evidence.

In numerous cases arising in this jurisdiction convictions obtained against corporations in prosecutions, both at the common law and under the statute, *supra,* for the pollution of streams, have, on appeal, been sustained. Peacock Distilling Co. v. Comlth., 25 R. 1778; 78 S. W. 893; Comlth. v. Ky. Distilleries and Warehouse Co., 154 Ky. 783; Indian Refining Co. v. Comlth., 117 S. W. 274. In each of the cases, *supra,* the prosecution was by indictment for the common law offense of creating or maintaining a public or common nuisance. In each of the two cases first cited the nuisance was created by the acts of the defendant in causing the pollution of the stream by the turning therein of slops and refuse from its distillery, whereby the fish in the stream were killed, offensive odors produced and the water rendered unfit for use and dangerous to the health and lives of man and beast. In the third case the nuisance was caused by the acts of the defendant in permitting oil and other refuse to flow in the stream from its refinery, thereby polluting its waters as indicated in the other two cases.

In Comlth. v. Ky. Dist. and Warehouse Co., *supra,* the court, after announcing the well-known rule of construction that while the common law is to be regarded as impliedly repealed by a statute which is inconsistent therewith, or which undertakes to revise and cover the whole subject—it is not repealed if no repugnancy exists between it and the statute—and it is not apparent that the legislature intended to cover the whole subject (29 Cyc. 1279), expressed the conclusion that the common law with respect to nuisances had not been repealed by section 1253, Kentucky Statutes, and in indicating the effect of this ruling said, quoting with approval 2 Roberson's Ky. Crim. Law and Procedure, section 632: "Any use of property which was at common law a nuisance

does not cease to be so because the same act is made an offense by statute and a different punishment provided. The party creating the nuisance may be pursued under either the common law or statutory remedy. . . . ''

In Comlth. v. Straight Creek Coal and Coke Co., 147 Ky. 790, the defendant, like the appellee in the case at bar, was a corporation engaged in the mining of coal and in connection therewith operated a sawmill. It too was indicted under section 1253, Kentucky Statutes, for polluting a public stream; the indictment charging that ''it did unlawfully and wilfully put and cause to be put and emptied into Straight creek, a running stream, large quantities of sawdust and other sawmill refuse, whereby fish, both great and small, were sickened and killed, and the waters thereof rendered unfit for use.''

The circuit court sustained a demurrer to and dismissed the indictment. In reversing the judgment manifesting these rulings this court in its opinion clearly set forth its interpretation of the statute, *supra,* and the applicability of its provisions to the offense charged in the indictment, as follows:

''It seems to have been the legislative purpose to prohibit and punish the putting in streams or bodies of water any article or substance that would sicken, intoxicate or kill fish, or render the water unfit for use, or produce a stench; and, after naming certain articles and substances that should not be used the words 'or other thing' and 'any other substance' were added to prohibit and punish the putting in the water of 'anything' or 'any substance' whatever it might be that would cause fish to be sickened, intoxicated or killed, or render the water unfit for use, or produce a stench. We do not think the words 'or other thing' or 'any other substance' were intended to include only the things or substances specifically mentioned in the statute, or that their meaning should be limited to things or substances of a like nature to those named. After naming several specifically prohibited articles and substances, the legislature evidently desired to make the statute broad enough to prohibit the use of any other article or substance that would sicken, intoxicate or kill fish, or render the water unfit for use, or produce a stench, and no words more appropriate to accomplish this purpose could have been used than the words 'or other thing' and 'or any other substance.' Whether the 'sawdust or other sawmill refuse' put and emptied into

Straight creek sickened and killed the fish therein, or rendered the water unfit for use, is, of course, a question to be determined on the trial of the case.''

We think the conclusions expressed in the opinion of the case, *supra,* must control our decision of the instant case. If in the case, *supra,* the fact that .the Straight Creek Coal and Coke Company was a development corporation was not permitted to excuse its violation of the statute, *supra,* we are unable to perceive how the fact of the appellee's being a similar corporation can excuse its like violation of the statute as charged by the indictment in the instant case. Neither by its terms nor in meaning does the statute exempt development corporations or companies from its provisions, or exempt them from the penalties it prescribes for the violation of those provisions; and obviously if sawdust emptied into a stream can make it so impure as to sicken and kill the fish therein or render the waters of the stream unfit for use, it is bound to be equally true that water from a coal mine containing coal dust, copras, sulphur and other mine refuse, run into a stream, as charged in the indictment in this case, would necessarily have a like disastrous effect.

We cannot, in the absence of a provision in the statute exempting a corporation like the appellee from its operation, declare it not amenable to its penalties, if guilty of the acts constituting the offense charged in the indictment, upon the ground counsel claims was announced by the circuit court in sustaining the demurrer to the indictment, viz.: that a coal mine like that of appellee cannot be developed or operated without draining such water or mine refuse as may collect therein into a contiguous water course, and that if the waters thereof become contaminated by such drainage to the destruction of the fish therein or to the extent of rendering the water unfit for use by persons or stock, such conditions must be submitted to by the owners of the contaminated stream, or other persons entitled to the use of its waters, as a natural and unavoidable consequence of the work of development in which the corporation is engaged, and which should be regarded as of such importance to the public as to authorize its pollution of the contiguous stream in the manner charged in the indictment.

If for the reason indicated, or upon any sound principle of public policy, or ground of constitutional right, so called ''development corporations,'' with which the ap-

pellee claims the right to be classed, should be excused for any disobedience of the provisions of the statute in question of which they may be guilty, that is a matter to be addressed to the General Assembly of the state and determined by legislative action; but unless and until the exemption is provided by legislative authority it cannot be allowed by the courts.

We therefore conclude that the circuit court erred in holding that the appellee could not be prosecuted or, if proved guilty, punished for the offense charged in the indictment; and as in our opinion, the indictment properly charges the offense of which it accuses the appellee, and sufficiently alleges the acts constituting it, it necessarily follows that the action of the circuit court in sustaining the latter's demurrer to and dismissing the indictment, must be declared reversible error. Wherefore, the judgment is reversed and cause remanded, with directions to that court to set it aside, overrule the demurrer, and allow such further proceedings as may not be inconsistent with the opinion.